IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REONTE OLIVER,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 25-CV-0138** |
| : | |
| **PENNSYLVANIA** : | |
| **STATE POLICE,** *et al.*, : | |
| Defendants. : | |

## MEMORANDUM

**COSTELLO, J.**                                                                                        **FEBRUARY  28 , 2025**

Plaintiff Reonte Oliver, who is currently incarcerated at SCI Dallas, brings this *pro se* action alleging that his civil rights were violated during an arrest. Oliver seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Oliver *in forma pauperis* status and dismiss his Complaint. He will be given leave to file an amended complaint if he can cure the deficiencies noted by the Court.[1]

---

[1] Oliver commenced this matter by filing an application to proceed *in forma pauperis*, (ECF No. 1), prisoner trust fund account statement (ECF No. 2), and Complaint (ECF No. 3). However, Oliver's initial filings were deficient for several reasons, including that they were submitted using the Court's Electronic Document Submission tool ("EDS"). (*See* ECF No. 3.) Local Rule 5.1.2(15.A.3) requires prisoners to file documents in paper form. Additionally, it appeared from the EDS filing that Oliver's mother submitted the documents on his behalf, which she may not do, and Oliver did not sign the Complaint or application to proceed *in forma pauperis* as required by Federal Rule of Civil Procedure 11. (*See* ECF Nos. 1, 3.) By Order dated January 15, 2025, the Court instructed Oliver that to proceed with this matter, he was required to either pay the required fees or submit a complete, signed application to proceed *in forma pauperis* and prisoner trust fund account statement, and he must return to the Court a signed Declaration form, representing that he read the Complaint and is the plaintiff in this action. (ECF No. 5.) In response to the Court's Order, Oliver submitted several documents comprising an application to proceed *in forma pauperis* (ECF Nos. 6, 7, 9) and a prisoner trust fund account statement (ECF No. 10). Oliver also submitted a signed Declaration form (ECF No. 11), as well as a portion of the initial Complaint that was signed by Oliver and that was docketed as an amended complaint (ECF No. 8). For the sake of clarity and for purposes of this Memorandum, the Court will disregard ECF No. 8, as it is an incomplete copy of the original

I.       FACTUAL ALLEGATIONS

Oliver presents claims pertaining to his arrest in Chester, Pennsylvania on January 10, 2023.  (Compl. at 6.)  Named as Defendants are the Pennsylvania State Police ("PSP"), and Troopers David Nguyen, Richard Vose, Matthew Urbanski, Michael Deangelo, John Doe 1, and John Doe 2, as well as the Chester City Police ("CCP") department, and its Officers John Doe 3 and John Doe 4.  (*See id.* at 1-7.)  Oliver presents his claims against all Defendants in their individual and official capacities.

Oliver alleges that he "was forcibly removed from a vehicle by multiple law enforcement officers following a pursuit."  (*Id.* at 6.)  After he was handcuffed behind his back and patted down by PSP Trooper Nguyen, he was seated on the curb.  (*Id.* at 6-7.)  Oliver claims that while he was on the curb, PSP Trooper John Doe 1 approached Oliver and claimed that he saw Oliver place a gun in his pants.  (*Id.* at 7.)  According to Oliver, Nguyen advised that any further search should occur at the station.  (*Id.*)  He claims that John Doe 1, nonetheless, "forcibly lifted" him, "placed [Oliver] against the back of a police vehicle," and began to pull down Oliver's pants and boxers.  (*Id.*)  When Oliver "resisted and denied having a gun" in his pants, "a group of officers" including PSP Troopers Urbanski, Deangelo, Vose, and John Doe 2, as well as CCP Officers John Doe 3 and John Doe 4, "restrained" Oliver.[2]  (*Id.*)

---

Complaint and instead will consider ECF No. 3 to constitute the Complaint because Oliver returned the Rule 11 Declaration.  The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

[2] Oliver further alleges that "[t]hese officers held me down as Officer John Doe," but does not complete this statement and it is unclear which Officer John Doe is alleged to have acted and what that officer is alleged to have done.  (*See* Compl. at 7.)

Oliver claims that he suffered mental and physical injuries due to Defendants' "forceful handling and invasive search conducted against [his] will."[3] (*Id.*) As relief, he seeks monetary damages. (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Oliver leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged

---

[3] When describing his injuries, Oliver indicates that he sought medical attention and has not received adequate care or follow up treatment. (Compl. at 6.) He also states that he remains in need of medication and therapy to address the lasting effects on his physical and mental health. (*Id.*) To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Oliver provides no factual support for his assertions of inadequate medical care. A passing reference without factual support is not sufficient to bring claims before a court. *Brown v. Pennsylvania, Wayne Cnty.*, No. 22-1506, 2023 WL 3376547, at *2 (3d Cir. May 11, 2023), *cert. dismissed sub nom. Brown v. Pennsylvania*, 144 S. Ct. 272 (2023), *reconsideration denied*, 144 S. Ct. 417 (2023); *see also Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (stating that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)). Accordingly, the Court will not further discuss any such claim.

[4] However, because Oliver is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Oliver is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.   DISCUSSION

Oliver seeks to present claims under 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a

plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018).  Even under a liberal construction of the Complaint, however, Oliver has not alleged a plausible basis for a claim against any of the named Defendants.

### A. Official Capacity Claims and Claims against CCP and PSP

In drafting his Complaint, Oliver checked the boxes on the form he used to indicate that he named the Defendants in their official capacities.  (Compl. at 2-3.)  He also appears to name the Pennsylvania State Police and the Chester City Police department, the entities, as defendants.  An official capacity claim is indistinguishable from a claim against the entity that employs the official.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)).  This means official capacity claims are "treated as a suit against the entity" and must meet the pleading standards for claims against an entity to be plausible.  *Id.*

#### 1. CCP Defendants

Although municipalities and other local governments units are deemed "persons" subject to liability under § 1983, *see Monell*, 436 U.S. at 690, following *Monell*, courts concluded that police departments are merely sub-units of local government and, as such, are merely vehicles through which the municipality fulfills its policing functions.  *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a

sub-division of its municipality).  Therefore, the Chester City Police department as an entity is not a proper defendant in this case under § 1983 and will be dismissed with prejudice.  The Court will instead construe the claim as made against the City of Chester.

To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).  It is not enough, however, to allege the existence of a policy or custom.  "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries."  *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citation omitted).  This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged.  *Id.*  Allegations that simply paraphrase the standard for municipal liability, however, are too generalized to support a claim against the City.  *McTernan*, 564 F.3d at 659; *see also Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).  Further, "[i]t is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim."  *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

Therefore, any official capacity claims against the John Doe CCP Officers, as well as the CCP department as an entity, will be dismissed with prejudice.  While Oliver did not even

attempt to allege municipal liability, the Court will grant Oliver the opportunity to present a *Monell* claim against the City of Chester, if he elects to file an amended complaint.

### 2. PSP Defendants

Neither the Commonwealth, nor its agencies or officials acting within their official capacities, can be sued under § 1983 because they are not "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Even if the Commonwealth was a "person" under § 1983, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Thus, suits against Commonwealth officials acting in their official capacities are really suits against the official's office, are no different than suits against the Commonwealth itself, and as such, are also barred by the Eleventh Amendment. *Will*, 491 U.S. at 70-71; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991). Accordingly, the Court must dismiss Oliver's damages claims against PSP Troopers David Nguyen, Richard Vose, Matthew Urbanski, Michael Deangelo, John Doe 1, and John Doe 2 in their official capacities because those are really claims against the Pennsylvania State Police, which is immune. *See, e.g., Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) (*per curiam*) ("The District Court correctly determined that the Eleventh Amendment bars claims for damages against the PSP, a state agency that did not waive its sovereign immunity.").

B. **Individual Capacity Claims**

1. **Fourth Amendment Excessive Force**

Oliver asserts Fourth Amendment claims based on allegations that Defendants used excessive force while seizing him after a pursuit of his vehicle. "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test."). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

Oliver's excessive force claims are undeveloped as pled. He states that he was forcibly removed from a vehicle by multiple law enforcement officers following a pursuit. (Compl. at 6.) After he was handcuffed behind his back and patted down by PSP Trooper Nguyen, he was seated on the curb and while on the curb, PSP Trooper John Doe 1 approached Oliver and claimed that he saw Oliver place a gun in his pants. (*Id.* at 6-7.) According to Oliver, Nguyen advised that any further search should occur at the station. (*Id.*) He claims that John Doe 1, nonetheless, "forcibly lifted" him, "placed [Oliver] against the back of a police vehicle," and began to pull down Oliver's pants and boxers. (*Id.*) When Oliver "resisted and denied having a

8

gun" in his pants, "a group of officers" including PSP Troopers Urbanski, Deangelo, Vose, and John Doe 2, as well as CCP Officers John Doe 3 and John Doe 4, restrained Oliver. (*Id.*)

Oliver does not provide sufficient details concerning the circumstances that led to his encounter with the PSP and CCP Officers. He does not allege sufficient facts about the initial stop and seizure, such as why he was stopped, whether he was accused of any wrongdoing, the severity of that wrongdoing, and why and how he was "restrained," so that the Court can determine whether his claim that the force was excessive is plausible. Indeed, Oliver acknowledges that he was stopped after a pursuit and that he resisted the Defendants' efforts. Further, Oliver does not adequately explain each of the officers' roles in the alleged wrongdoing.[5] Moreover, while he is named as a Defendant, Oliver does not allege that Trooper Nguyen used force against him, much less that the force was excessive. Without additional factual details, Oliver fails to raise a plausible inference that the force any of the PSP Troopers and CCP Officers used against him was unreasonable. *See Jones v. Mermon*, 507 F. App'x 100, 103 (3d Cir. 2012) (*per curiam*) (affirming dismissal of Fourth Amendment excessive force claim based on high-speed collision where the plaintiff "did not allege how the high speed pursuit started, why he was being pursued, what happened during the chase, or how the collision occurred and who was involved"); *see also Koyi v. Borough of Tinton Falls*, No. 21-352, 2023 WL 7195170, at *5 (D.N.J. Nov. 1, 2023) (dismissing excessive force claim where

---

[5] Pleading that a group of individuals violated his rights, without specifying what each individual did or did not do that violated his rights, is insufficient to put a defendant on notice of the conduct with which he is charged and does not state a plausible claim. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'") (quoting *Rode*, 845 F.2d at 1207).

"[c]onspicuously absent [from the complaint] are any details about the circumstances that brought Plaintiff and the officers together . . . , what happened leading up to the use of excessive force, and which officer(s) allegedly used excessive force"). Accordingly, Oliver's excessive force claims will be dismissed.

### 2. Fourth Amendment Search and Seizure

It is possible that Oliver also seeks to assert a Fourth Amendment claim based on an unreasonable search and seizure. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. As indicated by this language, "the underlying command of the Fourth Amendment is always that searches and seizures be reasonable." *New Jersey v. T.L.O.*, 469 U.S. 325, 337 (1985). Nevertheless, "what is reasonable depends on the context within which a search takes place." *Id.* The elements of a § 1983 claim for unreasonable search and seizure are: (1) the actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances. *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597-99 (1989). Although searches generally require probable cause or, at least, reasonable suspicion, there are exceptions including one that permits an arresting officer to perform a search incident to an arrest. *See generally Birchfield v. North Dakota*, 579 U.S. 438, 455-61 (2016) (discussing the search-incident-to-arrest doctrine).

To the extent Oliver seeks to present unreasonable search and seizure claims, they are undeveloped as pled. He alleges only that the search was invasive and conducted against his

will. (*See* Compl. at 7.) Oliver's allegations do not sufficiently describe the circumstances leading up to the stop, search, and seizure to support an inference that the Defendants' actions were unconstitutional. Without any contextual details, the Court is unable to discern whether Oliver can plausibly state an illegal search and seizure claim. *See, e.g., Medina v. Aprile*, No. 23-1057, 2023 WL 3440236, at *9 (E.D. Pa. May 12, 2023) ("To properly analyze a claim asserting an illegal search and seizure under the Fourth Amendment, [the plaintiff] must plead the circumstances under which the search arose." (citation omitted)), *aff'd sub nom. Medina v. Allentown Police Dep't*, No. 23-2055, 2023 WL 7381461 (3d Cir. Nov. 8, 2023). Accordingly, any Fourth Amendment claims based on an alleged unreasonable search and seizure will also be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Oliver leave to proceed *in forma pauperis*. All official capacity claims, and claims against the Pennsylvania State Police and the Chester City Police department as entities, will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The following claims will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim: (1) Fourth Amendment excessive force claims against the individual Defendants; (2) Fourth Amendment search and seizure claims against the individual Defendants; and (3) the *Monell* claim against the City of Chester. Oliver will be granted leave to file an amended complaint as to the claims dismissed without prejudice. An appropriate Order follows regarding amendment.

                                           **BY THE COURT:**

                                           **MARY KAY COSTELLO, J.**