**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REONTE OLIVER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-0138** |
| | : | |
| **PENNSYLVANIA** | : | |
| **STATE POLICE,** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**COSTELLO, J.**                                                  **MAY  9 , 2025**

Currently before the Court is the Amended Complaint filed by *pro se* Plaintiff Reonte Oliver, an inmate currently confined at SCI Albion, who alleges that his civil rights were violated during an arrest.  For the following reasons, the Court will dismiss the Amended Complaint.  Oliver will be given leave to file a second amended complaint if he can cure the deficiencies noted by the Court.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

Oliver commenced this matter by filing an application to proceed *in forma pauperis*, (ECF No. 1), prisoner trust fund account statement (ECF No. 2), and Complaint (ECF No. 3).  However, Oliver's initial filings were deficient for several reasons, including that they were submitted using the Court's Electronic Document Submission tool ("EDS").  (*See* ECF No. 3.)  Local Rule 5.1.2(15.A.3) requires prisoners to file documents in paper form.  Additionally, it appeared from the EDS filing that Oliver's mother submitted the documents on his behalf, which she may not do, and Oliver did not sign the Complaint or application to proceed *in forma*

---

[1] The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

*pauperis* as required by Federal Rule of Civil Procedure 11. (*See* ECF Nos. 1, 3.) By Order dated January 15, 2025, the Court instructed Oliver how to cure the deficiencies in his initial filings. (*See* ECF No. 5.) In response, Oliver submitted several documents comprising an application to proceed *in forma pauperis* (ECF Nos. 6, 7, 9) and a prisoner trust fund account statement (ECF No. 10). Oliver also submitted a signed Declaration form (ECF No. 11), as well as a portion of the initial Complaint that was signed by Oliver and that was docketed as an amended complaint (ECF No. 8). For purposes of statutory screening, the Court disregarded ECF No. 8 as an incomplete copy of the original Complaint and considered ECF No. 3 to constitute the Complaint since Oliver returned the Rule 11 Declaration.

In the initial Complaint, Oliver presented claims pertaining to his arrest in Chester, Pennsylvania on January 10, 2023. (Compl. at 6.) He named as Defendants the Pennsylvania State Police ("PSP"), and Troopers David Nguyen, Richard Vose, Matthew Urbanski, Michael Deangelo, John Doe 1, and John Doe 2, as well as the Chester City Police ("CCP") department, and its Officers John Doe 3 and John Doe 4 and indicated that Defendants were named in their individual and official capacities. (*See id.* at 1-7.)

Oliver alleged that he "was forcibly removed from a vehicle by multiple law enforcement officers following a pursuit." (*Id.* at 6.) After he was handcuffed behind his back and patted down by PSP Trooper Nguyen, he was seated on the curb. (*Id.* at 6-7.) Oliver claimed that while he was on the curb, PSP Trooper John Doe 1 approached Oliver and claimed that he saw Oliver place a gun in his pants. (*Id.* at 7.) According to Oliver, Nguyen advised that any further search should occur at the station. (*Id.*) He claimed that John Doe 1, nonetheless, "forcibly lifted" him, "placed [Oliver] against the back of a police vehicle," and began to pull down Oliver's pants and boxers. (*Id.*) When Oliver "resisted and denied having a gun" in his pants, "a

group of officers" including PSP Troopers Urbanski, Deangelo, Vose, and John Doe 2, as well as CCP Officers John Doe 3 and John Doe 4, "restrained" Oliver.[2]  (*Id.*)  Oliver claimed that he suffered mental and physical injuries due to Defendants' "forceful handling and invasive search conducted against [his] will."[3]  (*Id.*)  As relief, he sought monetary damages.  (*Id.*)

In a February 28, 2025 Memorandum and Order, the Court dismissed Oliver's claims. (*See* ECF Nos. 12, 13.)  The official capacity claims against the John Doe CCP Officers, as well as the CCP department as an entity, were dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  (ECF No. 12 at 5-7.)  Oliver's damages claims against PSP Troopers David Nguyen, Richard Vose, Matthew Urbanski, Michael Deangelo, John Doe 1, and John Doe 2 in their official capacities also were dismissed with prejudice because these claims were really claims against the Pennsylvania State Police, which is immune under the Eleventh Amendment.  (*Id.* at 7.)  Oliver's individual capacity Fourth Amendment excessive force and search and seizure claims against the individual defendants were dismissed without prejudice because they were undeveloped and conclusory as pled, because Oliver did not present

---

[2] Oliver further alleged that "[t]hese officers held me down as Officer John Doe," but he did not complete this statement.  (*See* Compl. at 7.)

[3] When describing his injuries, Oliver indicated that he sought medical attention and had not received adequate care or follow up treatment.  (Compl. at 6.)  To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  Because Oliver made only a passing reference, without factual support, for his assertions of inadequate medical care, the Court determined that he did not bring such claims before the court.  *Brown v. Pennsylvania, Wayne Cnty.*, No. 22-1506, 2023 WL 3376547, at *2 (3d Cir. May 11, 2023), *cert. dismissed sub nom. Brown v. Pennsylvania*, 144 S. Ct. 272 (2023), *reconsideration denied*, 144 S. Ct. 417 (2023); *see also Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (stating that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).

sufficient details regarding the underlying events.  (*Id.* at 8-11.)  Oliver was granted the opportunity to file an amended complaint as to the Fourth Amendment search and seizure claims against the individual Defendants.  (*Id.* at 8-11.)  While Oliver did not even attempt to allege municipal liability, he also was granted the opportunity to present a *Monell* claim against the City of Chester in an amended complaint.  (*Id.* at 6-7.)  Oliver was given thirty-days leave to amend his claims.

On April 10, 2025, Oliver filed the Amended Complaint that is before the Court.[4]  (ECF No. 15 ("Am. Compl.").)  This filing consists of three handwritten pages, as well as pages six through nine of a standard form complaint that are essentially blank.  (*See id.*)  It does not contain a caption or list of defendants and is not signed by Oliver.[5]  (*See id.*)  It also does not contain a request for relief.  (*See id.*)

The first page of the handwritten portion of the Amended Complaint includes six numbered paragraphs in which Oliver alleges that his Fourth Amendment rights and due process rights were violated because no weapons or contraband were found when "John Doe One" conducted a strip search of his lower body and rectum on the side of highway 291 at 8:30 a.m. (*Id.* at 1.)  According to Oliver, John Doe 1 pulled his pants down while John Does 2, 3, and 4 held him down on a squad car.  (*Id.*)  Oliver alleges as follows:  "I'm screaming out in pain to

---

[4] The Amended Complaint was stamped "received" on April 10 but was not entered on the docket until April 21, 2025.

[5] Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)."  *See Syville v. New York City of New York*, No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)).

please stop. I ask the officer what is he looking for in my ass and he stated he was looking for a

gun or weapon." (*Id.*) Oliver asserts that Trooper Nguyen "let John Doe One take me to this

squad car and do this search" and that the search was not described in "the affidavit," in violation

of his due process rights, although it can be seen on body cameras. (*Id.*)

On the second and third pages of the handwritten submission, Oliver provides further

context for his assertions that his constitutional rights were violated. He claims that on January

10, 2023 at 8:30 he was engaged in a chase with Trooper Nguyen on an unnamed highway that

continued onto residential streets where multiple other officers joined the chase. (*Id.* at 2.) The

chase ended with Oliver "boxed in on 291" while multiple officers exited their vehicles with

guns drawn. (*Id.*) Oliver contends that he put the car into park and put his hands in the air. (*Id.*)

He further alleges as follows:

> Officer Nguyen, Richard Vose, Mathew Urbanski then busted the window and
> pulled me out slammed me searched me the search was done by David Nguyen
> my arresting officer as I'm cuffed sitting on the ground by the tire of the car John
> Doe 1 which is a Chester City cop stated that while I was cuffed on the ground he
> seen me stick a gun in the back of my pants. At this point I state that I don't have
> any weapons as John Doe One is picking me up off the ground for "the search."
> At this point my arresting officer trying to pry me away from the John Doe One
> and tells him that all further searches should be done at the station he says no he's
> searching me now John Doe One then walks me past multiple police cars.[6]

(*Id.*) According to Oliver, John Doe 1 then leaned him over the trunk of the squad car and pulled

his pants and boxers down. (*Id.* at 2-3.) Oliver began to resist and asked what he was doing.

(*Id.* at 3.) He claims that John Does 2, 3, and 4 held him down while John Doe 1 searched his

rectum area for over five minutes. (*Id.*) Oliver begged them to stop and no weapon or

contraband was found. (*Id.*) He believes that Trooper Nguyen searched the vehicle while John

---

[6] Oliver appears to assert that John Doe One intentionally walked Oliver past police cars,
where the search would have been visible on a dash camera, to conduct the search on another
squad car. (*See* Am. Compl. at 2.)

Doe 1 searched him.  (*Id.*)  He also alleges that he saw "Officer Mathew Urbanski standing close by watching."  (*Id.*)  Oliver contends that because of these events, his mental health suffered. (*Id.* at 1.)

## II.    STANDARD OF REVIEW

Because Oliver has been granted *in forma pauperis* status, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Oliver is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other

litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at

*3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the

applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v.*

*Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to

identify any possible claim that the facts alleged could potentially support.").

## III.    DISCUSSION

Oliver alleges that his constitutional rights were violated during his arrest following a

police pursuit.  The vehicle by which federal constitutional claims may be brought in federal

court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of

a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).  In a § 1983 action, the personal involvement of each defendant in the alleged

constitutional violation is a required element, and, therefore, a plaintiff must allege how each

defendant was involved in the events and occurrences giving rise to the claims.  *Rode v.*

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Jutrowski v. Twp. of Riverdale*, 904

F.3d 280, 290 (3d Cir. 2018).

The Court understands Oliver to allege that his Fourth Amendment rights were violated

when he was subjected to excessive force after a pursuit of his vehicle.[7]  While Oliver describes

---

[7] "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test.").  "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and

the January 10, 2023 incident in greater detail in the Amended Complaint, the Amended

Complaint is deficient in several respects.

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure

8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a plaintiff's

complaint to include a "short and plain statement showing that the pleader is entitled to relief,"

as well as a statement of the court's jurisdiction, and a demand for the relief sought. Fed. R. Civ.

P. 8(a). "This standard operates in tandem with that of Rule 10," which requires that a complaint

contain a caption with the Court's name and the names of the parties, and that claims be listed in

numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3

(E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).

---

whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

It is possible that Oliver also seeks to assert a Fourth Amendment claim based on an unreasonable search and seizure. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. As indicated by this language, "the underlying command of the Fourth Amendment is always that searches and seizures be reasonable." *New Jersey v. T.L.O.*, 469 U.S. 325, 337 (1985). Nevertheless, "what is reasonable depends on the context within which a search takes place." *Id.* The elements of a § 1983 claim for unreasonable search and seizure are: (1) the actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable considering the surrounding circumstances. *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597-99 (1989). Although searches generally require probable cause or, at least, reasonable suspicion, there are exceptions including one that permits an arresting officer to perform a search incident to an arrest. *See generally Birchfield v. North Dakota*, 579 U.S. 438, 455-61 (2016) (discussing the search-incident-to-arrest doctrine).

To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Oliver did not present any allegations of a *Monell* claim against the City of Chester in the Amended Complaint.

The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

Oliver's Amended Complaint does not include a caption naming any Defendants, or a list of the individuals or entities against whom he seeks to hold liable for his claims. (*See* Am. Compl. at 1-8.) In the initial Complaint, Oliver named Pennsylvania State Police Troopers David Nguyen, Richard Vose, Matthew Urbanski, Michael Deangelo, John Doe 1, and John Doe 2, as well as the Chester City Police Department Officers John Doe 3 and John Doe 4 as individual Defendants. (*See* ECF No. 3.) While Oliver indicates in the body of the Amended Complaint that John Doe 1 is a Chester City Police Officer, it is unclear whether John Does 2, 3, or 4 are alleged to be Pennsylvania State Troopers or Chester City Police Officers. It is also unclear if Oliver seeks to present claims against Troopers Nguyen, Vose, or Urbanski. He alleges that these individuals "busted the window an[d] pulled me out slammed me searched me." (Am. Compl. at 2.) He also contends that this search was done by Trooper Nguyen and that he believes Trooper Nguyen searched his car while the subsequent search by John Doe 1 occurred. (*See id.* at 2-3.) Due to the incomplete nature of the pleading, it is unclear whether Troopers Nguyen, Vose, or Urbanski are intended to be named as Defendants for their actions. Moreover, Oliver does not mention Michael Deangelo in the Amended Complaint, although he

was named in the initial Complaint.  Even liberally construed, the Amended Complaint does not

meet Rule 8's "plain" statement requirement.  It does not identify "discrete defendants and the

actions taken by these defendants" in regard to Oliver's claims.  *See Garrett*, 938 F.3d at 94.  A

defendant could not reasonably be expected to respond to it.[8]  Additionally, the Amended

Complaint does not include a request for relief as required by Rule 8.  Further, Oliver failed to

sign the Amended Complaint as required by Rule 11.

Accordingly, the Court will dismiss the Amended Complaint without prejudice.  Oliver

will be given an additional opportunity to present his claims in a second amended complaint.  If

he chooses to file a second amended complaint, Oliver must name discrete defendants and set

forth the who, what, when, and where of his claims, explaining how each defendant was

involved in the events and occurrences giving rise to his claims.  He also must set forth a request

for relief and sign the second amended complaint as required by Rules 8 and 11.

Although Federal Rule of Civil Procedure 15 contemplates amended pleadings, "an

amended pleading supersedes the original pleading and renders the original pleading a nullity."

*Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019).  "Thus, the most recently filed

amended complaint becomes the operative pleading."  *Id.*  While the Court must liberally

construe *pro se* pleadings, "liberal construction of a *pro se* amended complaint does not mean

accumulating allegations from superseded pleadings."  *Argentina v. Gillette*, 778 F. App'x 173,

---

[8] It is worth noting too that pleading that a group of individuals violated his rights, without specifying what each individual did or did not do that violated his rights, is insufficient to put a defendant on notice of the conduct with which he is charged and does not state a plausible claim.  *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'") (quoting *Rode*, 845 F.2d at 1207).

175 n.3 (3d Cir. 2019). This means that the submission of an amended complaint "effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012). Oliver should, therefore, be careful to follow the Court's instruction to include all facts and list all Defendants against whom he seeks to proceed in this case if he opts to file a second amended complaint.

IV.    **CONCLUSION**

For the foregoing reasons, the Amended Complaint will be dismissed without prejudice for pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. Oliver will be granted leave to file a second amended complaint. An appropriate Order follows regarding amendment.

**BY THE COURT:**

**MARY KAY COSTELLO, J.**